UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TYRE K VENIOUS | CIVIL ACTION NO. 25-cv-686 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ELIZABETH MURRILL ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Tyre K. Venious ("Plaintiff"), who is self-represented, filed this civil action against five defendants to challenge the enforcement of Louisiana sex offender laws. The court issued an order (Doc. 10) that directed Plaintiff to complete and return a USM-285 form and two summonses, together with a copy of his complaint, for an attempt at service. The court set a deadline of July 11, 2025 and warned: "If Plaintiff fails to comply with this order, this civil action may be dismissed for failure to prosecute." The order was mailed to Plaintiff at the address he provided. The mail was not returned, so it is presumed that it was delivered.

The July 11, 2025 deadline has passed, and the clerk of court advises that Plaintiff has not submitted the service papers as directed. "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1982).

Plaintiff has failed to comply with a simple and direct order from the court about a preliminary and basic task that is necessary to pursue a civil action. His failure, despite clear instructions and a reasonable allowance of time, warrants dismissal without prejudice for failure to comply with the court's order and properly prosecute this action.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to comply with a court order and for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of July, 2025.



Page 2 of 2

Mark L. Hornsby
U.S. Magistrate Judge